# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE BIRCH,

    Plaintiff,

v.

PAM DELPORTIO, *et al.*,

    Defendants.

Case No.: 3:19-cv-000280-MMD-WGC

**Order**

Re: ECF Nos. 9, 23, 24, 25, 26, 27, 28, 29, 30

## **I. Motion to Seal (ECF No. 9)**

Plaintiff has filed a motion asking the court to seal his case due to its confidential nature. (ECF No. 9.) "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

When the document the party seeks to seal is "more than tangentially related to the merits of the case," as is the case here because Plaintiff appears to seal the complaint, or perhaps the entire record, the compelling reasons standard applies. *Center for Auto Safety*, 809 F.3d at 1101. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

Plaintiff has not set forth compelling reasons for sealing the record in this matter. A conclusory assertion that the record is confidential is insufficient to meet this standard. Therefore, Plaintiff's motion (ECF No. 9) is denied.

**II. ECF Nos. 23, 24, 25, 26, 27, 28, 29, 30**

In ECF No. 23 (request to transfer to Magistrate Judge Cobb for purposes of settlement) Plaintiff states that he wishes to transfer to Judge Cobb for purposes of a global settlement. Plaintiff references an order entered by Judge Du in case 3:17-cv-439-MMD-CBC, where Judge Du, in the context of a hearing on a motion related to a global settlement regarding other cases Plaintiff has filed, stated that in yet another of Plaintiff's cases, 3:19-cv-00043-MMD-CBC, the parties should file a notice regarding whether they agreed to a settlement conference before Judge Cobb. Plaintiff then states that Judge Baldwin has chosen to bypass mediation.

In ECF No. 24 (request for intervention), Plaintiff references alleged retaliation and then asks to send this to Judge Cobb for a global settlement in cases 3:19-cv-00043, 3:19-cv-000189. In ECF No. 25, Plaintiff requests a telephonic hearing. He again includes a vague reference to alleged ongoing retaliation. In ECF No. 26, Plaintiff references alleged retaliation and requests intervention and a telephonic hearing. In ECF No. 27, Plaintiff requests an emergency telephonic hearing and asserts that he was set up with a write up and had a disciplinary hearing which he appears to contend was retaliatory. In ECF No. 28, Plaintiff against requests an emergency telephonic hearing. He lists all of his cases, and then states that there is retaliation against him. In ECF No. 29, Plaintiff once again states that he is being retaliated against and requests a telephonic hearing. In ECF No. 30, Plaintiff references ongoing retaliation and requests an emergency telephonic hearing.

First, the court points out that this case is concurrently being screened, and at this juncture, there are no colorable claims proceeding before the court. Plaintiff's repeated requests for telephonic and emergency hearings that only make a vague reference to an alleged ongoing plot to retaliate against him are not well taken. Plaintiff may not create an end-run around the pleading rules or the rules governing motions for temporary restraining orders and preliminary injunctions by flooding the court with motions seeking unspecified relief based only on brief, conclusory allegations of a plot of retaliation.

Second, Plaintiff is not entitled to direct when his case is screened. The court receives hundreds of prisoner civil rights cases per year and cases generally are put in line for screening based on when the plaintiff initiated the case. Inundating the court with meritless motions only prolongs this process.

Third, the court will not enter an order transferring cases from other judges to this court. Plaintiff does not have a right to choose the judge that presides over his cases.

Finally, the court will not refer any of Plaintiff's pending cases, before this court or any other judge in the district, to a global mediation. As Plaintiff was advised by Judge Baldwin in *Birch v. Del Porto*, 3:19-cv-00043-MMD-CLB, the inmate mediation program was created by the court to attempt to settle inmate cases earlier to save time and resources of both the parties and the court. Mediation sessions or settlement conferences facilitated by the court serve the same purpose. There is neither a right nor a requirement to participate in these programs, and the court will exercise its discretion when it deems settlement, either on an individual or global basis, is appropriate. The fact that Plaintiff has had cases referred for a global settlement in the past does not create a right to another global settlement conference. The court is very familiar with Plaintiff's history of filing cases, participating in mediations or global settlement conferences, and then attempting to repudiate his agreements, as was outlined in Judge Baldwin's order. This does not weigh in favor of the court exercising its discretion to refer any of the cases pending before it to an early mediation conference, let alone a global settlement conference. In any event, *if* a case is referred to mediation or a settlement conference, it is only *after* the case has been screened and claims have been allowed to proceed. Therefore, any request to refer this case, or any other case pending screening, is premature. Plaintiff, as always, is free to pursue settlement privately with the Attorney General's Office in each of his individually, or globally.

For these reasons, all of these motions are denied.

///

///

## **CONCLUSION**

Plaintiff's motion to seal (ECF No. 9) is **DENIED**. ECF Nos. 23, 24, 25, 26, 27, 28, 29, and 30 are also **DENIED**.

**IT IS SO ORDERED**.

Dated: February 21, 2020.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge